IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA PIERCE AND FLINT PIERCE,

      Plaintiffs,

vs.                                                                          1:15-cv-758 LF-KBM

CONNIE CHENE, SHAY VANDERMEY,
TAMARA HENDERSON, CARLOS ROMERO,
all in their individual capacities,
AND THE GOVERNING COUNCIL FOR
ALICE KING COMMUNITY SCHOOL,

      Defendants.

## <u>ORDER GRANTING MOTION TO STAY</u>

This matter comes before the Court on defendants Connie Chene, Tamara Henderson, and Carlos Romero's Motion to Stay Discovery Based on Qualified Immunity.  Doc. 45. Plaintiffs Veronica Pierce and Flint Pierce oppose a stay, and instead seek "limited discovery to address the factual underpinnings of Defendants' Motion to Dismiss based on Qualified Immunity."  Doc. 48 at 1.  Having reviewed the parties' submissions and the relevant law, the Court finds that defendants' motion is well-taken and will grant it.

Defendants Chene, Henderson, and Romero have filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).  *See* Doc. 44.  They argue that they are entitled to the defense of qualified immunity based upon the allegations made in the complaint.  *See id*.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  The Supreme Court repeatedly has emphasized the broad

protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court also has emphasized that trial courts should resolve the issue before discovery if at all possible.  *See Siegert v. Gilley*, 500 U.S. 226, 231–33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  Accordingly, the Tenth Circuit has held that when defendants file a dispositive motion based on qualified immunity, they ordinarily are entitled to a stay of discovery.  *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

In opposition to the requested stay, plaintiffs argue that they should be permitted "to engage in limited discovery to address the factual underpinnings of Defendants' Motion."  Doc. 48 at 1.  However, the pending dispositive motion is brought pursuant to Rule 12(b)(6), which means that it will be decided based on the sufficiency of the contents of the complaint alone.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's *complaint alone* is legally sufficient to state a claim for which relief may be granted.") (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (emphasis added); *see also County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002) (when considering Rule 12(b)(6) motion, court can only consider facts alleged in the complaint).  Although plaintiffs have invoked Rule 56(d) and have submitted

an affidavit in support of their request for limited discovery, that rule, by its terms, applies only to opposing motions for summary judgment, not to motions under Rule 12(b)(6).  *See* FED. R. CIV. P. 56.  No discovery is necessary to resolve defendants' 12(b)(6) motion.  If plaintiffs' claims fail as a matter of law, imposing a stay will prevent significant discovery costs.  Should plaintiffs defeat the motion, the delay will be relatively short.

**IT IS THEREFORE ORDERED** that all discovery in this case is stayed until the Court rules on defendants Chene, Henderson, and Romero's Motion to Dismiss Based on Qualified Immunity (Doc. 44).

Laura Fashing
United States Magistrate Judge